**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

AVREN SCOTT                                                                     PLAINTIFF

v.                                                      CIVIL ACTION NO. 3:24CV-P192-JHM

(OFFICER) DYLAN ADAMS *et al.*                                          DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Plaintiff Avren Scott filed the instant *pro se* action under 42 U.S.C. § 1983.  This matter is before the Court on a joint motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6) filed by Defendants Officers Dylan Adams, Gregory A. Stokes, Dylan T. Wilson, and Tyler B. Bray (DN 15).  For the reasons stated herein, the motion will be granted.

**I.**

Defendants filed their joint Rule 12(b)(6) motion on the ground that the complaint is barred by the statute of limitations (DN 15).  Plaintiff filed a response (DN 21), and Defendants filed a reply (DN 23).  In his response, Plaintiff seemed to suggest that he may not have received Defendants' motion to dismiss.  Therefore, the Court entered an Order giving Plaintiff the opportunity to file a supplemental response to the motion to dismiss on or before December 27, 2024, and directing the Clerk of Court to send a copy of the motion to dismiss to Plaintiff (DN 28).  That deadline expired without a supplemental response filed by Plaintiff.  Thereafter, on February 4, 2025, the Court entered a Memorandum Opinion and Order granting the motion to dismiss and a dismissal Order (DNs 34 and 35).

Plaintiff then filed a motion for extension of time, which was docketed the day after the dismissal, on February 5, 2025 (DN 36).  Plaintiff stated that he was transferred to a new facility

and that he did not receive a copy of the Court's Order directing him to file a supplemental

response. He stated that he discovered the Order was entered when he requested a copy of the

docket sheet and one was mailed to him on January 17, 2024. He requested an extension of time

to file a supplemental response. The Court construed Plaintiff's motion as a motion to reopen

the case and for an extension of time, granted the motion, vacated the dismissal Order, and

ordered Plaintiff to file a supplemental response on or before March 17, 2025 (DN 37). Plaintiff

filed a timely supplemental response (DN 38), and Defendants filed a supplemental reply

(DN 41).

## II.

Plaintiff was incarcerated at Louisville Metro Department of Corrections (LMDC) at the

time pertinent to this action. (DN 1, PageID#:4). In the complaint, he alleges that on January

21, 2023, he was assaulted by another inmate. (*Id.*). He quotes from his grievance to describe

the incident as follows:

> [O]fficer Stokes on 2nd shift refused the let the [other] inmate check out and leave
> the dorm, which the inmate asked multiple times before he ran up in hit me in my
> face and slammed me on the ground and continue to hit me, because the officer
> Adams, officer Stokes and officer Wilson and Sgt. Bray #351 wouldn't let the
> inmate leave the dorm when he told all the officers multiple times "he didn't feel
> safe" in the dorm, and officer Stokes stated to the dorm "he don't care if he get
> hurt," so the inmate out of no were assaulted me for no reason in put my safety at
> risk which is staff misconduct.

(*Id.*) (emphasis omitted).

The Court conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915A

and allowed Plaintiff's § 1983 claims for deliberate indifference to safety under the Fourteenth

Amendment to proceed against Defendants in their individual and official capacities and

dismissed his other claims. (DN 6).

Plaintiff states in the complaint that he filed a grievance on the same day as the incident. (DN 1, PageID#:4).  He attaches to his complaint his January 21, 2023, grievance (DN 1-1, PageID#:13); his appeal filed on February 2, 2023 (*Id.*, PageID#:14); and the final decision from his appeal, which Plaintiff signed stating that he received it on March 6, 2023.  (*Id.*, PageID#:14).

In their motion, Defendants argue that the action is barred by the statute of limitations. (DN 15, PageID#:86).  They maintain that Plaintiff filed the action on March 19, 2024,[1] one year and thirteen days after he received notice that his grievance appeal was final.  (*Id.*, PageID#:85). They state, "Those 13 days are fatal to Plaintiff's complaint."  (*Id.*).

Plaintiff filed a response to the motion to dismiss in which he reiterates the facts of the complaint.  (DN 21).  He also states, "Plaintiff files his complaint under the Kentucky Revised Statute 413.120(6) an action for an injury to the rights of plaintiff under extreme emotional distress . . . ."  (*Id.*, PageID#:101).  He cites *Craft v. Rice*, 671 S.W.2d 247 (Ky. 1984), arguing that the court in that case reversed the decision of the lower courts "because the five year statute of limitations applies when the gist of the tort is the claimed interference with the plaintiffs rights causing emotional distress generating a cause of action regaurdless of whether the plaintiff suffers any bodily harm resulting in the emotional distress."  (*Id.*, PageID#:104).   He states, "The basis of the cause of action is intentional interference with the plaintiffs rights causing emotional distress."  (*Id.*).

In their reply, Defendants argue that Plaintiff does not respond to their argument that his § 1983 claims are barred by the one-year statute of limitations and that Plaintiff, therefore,

---

[1] Defendants correctly cite the prison-mailbox rule, under which a complaint can be deemed "filed" on the date it is was delivered to the prison's mail system. *Houston v. Lack*, 487 U.S. 266, 276, (1988).  Plaintiff certified that he delivered the complaint to his prison's mail system on March 19, 2024.

concedes the argument.  (DN 23, PageID#:111).  They also maintain that Plaintiff is raising a new claim in his response, a claim for intentional infliction of emotional distress (IIED), which should be dismissed as futile because it would not withstand a Fed. R. Civ. P. 12(b)(6) motion. (*Id.*, PageID#:112-13).  Defendants further argue that even if the IIED claim were not subject to dismissal, the Court should decline to exercise jurisdiction over it since it is a state-law claim. (*Id.*, PageID#:115).

In Plaintiff's supplemental response, he argues that he "wants to make it clear" that his claims are for violations of his "Fourteenth Amendment rights under deliberate indifference to his safety and due process caused by (L.M.D.C.) when plaintiff filed his grievance to try to correct all four Defendants(s) behaviors but (L.M.D.C.) failed to do so.  Which Plaintiff argues filed his limitation statute under KRS 413.120(2) under KRS 196.030."  (DN 38, PageID#:174). He also again cites the statute of limitations in Ky. Rev. Stat. § 413.120(6).  (*Id.*).  Moreover, Plaintiff states that he "do[es] agree that E.E.D. at this stage is a new claim which plaintiff is asking to ignore the claim of action . . . ."  (*Id.*, PageID#:175).

Defendants filed a supplemental reply in which they maintain that Plaintiff does not argue in either his response or supplemental response that he filed his complaint within one year of when his claim accrued and the tolling by the grievance process concluded.  (DN 41, PageID#:195).  They argue that "it is well-settled that § 1983 claims in Kentucky apply the one (1) year limitations period for personal injury actions" found in Ky. Rev. Stat. § 413.010(1)(a). (*Id.*).  They assert, "Plaintiff's supplemental response simply repackages the same arguments this Court already rejected.  The applicable limitations period is still one (1) year, and Plaintiff failed to file his complaint within that period."  (*Id.*, PageID#:196).

### III.

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "The defendant has the burden of showing that the plaintiff has failed to state a claim for relief[.]" *Wesley v. Campbell*, 779 F.3d 421, 428 (6th Cir. 2015) (citing *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "'[A] *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

Generally speaking, a Rule 12(b)(6) motion "is an 'inappropriate vehicle' for dismissing a claim based upon a statute of limitations" because in reviewing a Rule 12(b)(6) motion a court considers only the allegations in the complaint. *Lutz v. Chesapeake Appalachia, L.L.C.*, 717 F.3d 459, 464 (6th Cir. 2013) (quoting *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547) (6th Cir. 2012)). However, "when 'the allegations in the complaint affirmatively show that the claim is time-barred . . . dismissing the claim under Rule 12(b)(6) is appropriate.'" *Stein v. Regions Morgan Keegan Select High Income Fund, Inc.*, 821 F.3d 780, 786 (6th Cir. 2016) (quoting *Cataldo*, 676 F.3d at 547) (other citation omitted). In deciding a motion to dismiss, the

Court "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. Nat'l Collegiate Athletic Ass'n*, 528 F.3d 426, 430 (6th Cir. 2008) (citation omitted); *see also Rondigo, L.L.C. v. Twp. of Richmond*, 641 F.3d 673, 680-81 (6th Cir. 2011) (grievance records attached to the complaint "are part of the pleading" and can be considered by the court in ruling on a Rule 12(b)(6) motion). If the defendant meets its initial burden to show that the statute of limitations has run, "then the burden shifts to the plaintiff to establish an exception to the statute of limitations." *Lutz*, 717 F.3d at 464; *see also Bishop v. Lucent Techs., Inc.*, 520 F.3d 516, 520 (6th Cir. 2008) ("When it affirmatively appears from the face of the complaint that the time for bringing the claim has passed, the plaintiff cannot 'escape the statute by saying nothing.'") (quoting *Hoover v. Langston Equip. Assocs. Inc.*, 958 F.2d 742, 744 (6th Cir. 1992)) (other citation omitted).

## IV.

Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions. *Wilson v. Garcia*, 471 U.S. 261, 275-80 (1985). In Kentucky, § 1983 actions are limited by the one-year statute of limitations found in Ky. Rev. Stat. § 413.140(1)(a). *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990). However, federal law determines when a § 1983 claim accrues to trigger the running of this state statute of limitations. *Wallace v. Kato*, 549 U.S. 384, 387-88 (2007).

In a recent published case, the Sixth Circuit stated, "The Supreme Court has explained that the 'standard' accrual 'rule' starts a limitations period when 'the plaintiff has a complete and present cause of action.'" *Reguli v. Russ*, 109 F.4th 874, 879 (6th Cir. 2024) (per curiam)

(quoting *Bay Area Laundry & Dry Cleaning Pension Tr. Fund v. Ferbar Corp. of Cal., Inc.*, 522 U.S. 192, 201 (1997) (internal quotation marks omitted).   "Put differently, this 'injury-occurrence' or 'occurrence' rule triggers the limitations period on the first day that every element of a claim has occurred such that the plaintiff may sue in court over the claim."   *Id.* (citing *Wallace*, 549 U.S. at 388).   The Sixth Circuit continued, "The Supreme Court has recited this rule in three § 1983 cases."   *Id.* (citing *Reed v. Goertz*, 598 U.S. 230, 235-36 (2023); *McDonough v. Smith*, 588 U.S. 109, 114-15 (2019); *Wallace*, 549 U.S. at 388).   "But our § 1983 cases have taken a different approach.   We have suggested that the statute adopts a 'discovery rule,' not an 'occurrence rule.'"   *Id.* (citing *Dibrell v. City of Knoxville*, 984 F.3d 1156, 1162 (6th Cir. 2021)).   In *Reguli*, the Sixth Circuit acknowledged that some of its decisions have sent "mixed messages" regarding the discovery rule in § 1983 actions.[2]   However, it concluded its analysis by stating that "[u]nder either approach to the discovery rule, our cases leave no doubt that a statute of limitations can start to run even if a § 1983 plaintiff lacks knowledge of every element of the claim."   *Id.* at 883.   In any event, it is clear in this case that, whether the Court applies the "occurrence" rule or either approach to the "discovery" rule, Plaintiff's claim accrued on the date of the alleged attack by the other inmate, on January 21, 2023.

However, before he could file suit, Plaintiff was required to exhaust his available administrative remedies.   *See* 42 U.S.C. § 1997e(a); *Jones v. Bock*, 549 U.S. 199, 205-07 (2007).   When a plaintiff is required to exhaust administrative remedies before bringing suit, the limitations period is tolled while he is doing so, as long as such remedies are pursued diligently

---

[2] The *Reguli* court explained that there were two lines of cases in the Sixth Circuit regarding the discovery rule – one line which holds that the statute of limitations begins to run when the plaintiff knows of the *injury* which forms the basis of his action and a second line which holds that the discovery rule starts the limitations period when the plaintiff knows, or should have known, of both his *injury* and the *cause* of that injury.   *Id.* at 882-883.

and in good faith.  *See Brown v. Morgan*, 209 F.3d 595, 596 (6th Cir. 2000); *Dixon v. Joyner*,

No. 7:23-CV-30-REW, 2023 U.S. Dist. LEXIS 93609, at *4-5 (E.D. Ky. May 30, 2023).

Therefore, although the statute of limitations accrued on January 21, 2023, the statute of

limitations was tolled while Plaintiff was pursuing his administrative remedies.  The tolling

period began on the day Plaintiff filed his grievance, January 21, 2023.  The tolling period ended

on March 6, 2023, on the date Plaintiff received notice of the denial of his grievance appeal.

*See Davis v. Thomas*, No. 18-10075, 2019 U.S. Dist. LEXIS 51796, at *13 (E.D. Mich. Feb. 20,

2019) (finding that the tolling period ends when the grievance process is complete); *Phillips v.

Ballard*, No. 5:17-CV-301-REW, 2019 U.S. Dist. LEXIS 93206, at *12 (E.D. Ky. June 4, 2019)

("The one-year limitations countdown resumed the day after Phillips exhausted his

administrative remedies[.]").  Plaintiff had one year from that date, or until, March 6, 2024, to

file his action.  The Court finds that Defendants have satisfied their burden of showing that the

complaint, filed on March 19, 2024, is barred by the statute of limitations.  *See, e.g.*, *Caldwell v.

LeMaster*, No. 23-76-DLB, 2024 U.S. Dist. LEXIS 3526, at *9 (E.D. Ky. Jan. 7, 2024) (finding

complaint barred by the statute of limitations where it was filed "twelve days too late").

Plaintiff does not offer any argument to dispute this.  Instead, in his response, he argues

that the five-year statute of limitations under Ky. Rev. Stat. § 413.120(6)[3] applies to his § 1983

claims.  Plaintiff attempted this same argument before the Eastern District of Kentucky in *Scott

v. Smith*, No. 5:22-CV-205-REW, 2024 U.S. Dist. LEXIS 152498 (E.D. Ky. Aug. 26, 2024).

That court rejected Plaintiff's argument as follows:

> In *Collard v. Kentucky Bd. of Nursing*, the Sixth Circuit expressly found that the
> five-year statute of limitations enumerated under KRS 413.120(6) does not apply
> to § 1983 cases.  896 F.2d 179, 180-83 (6th Cir. 1990).  Thus, contrary to Scott's
> argument that the five-year limitations period provided by KRS § 413.120(6) and

---

[3] This statute provides for a five-year statute of limitations for "[a]n action for an injury to the rights of the plaintiff,
not arising on contract and not otherwise enumerated."  Ky. Rev. Stat. § 413.120(6).

> (12) (a bail-liability statute) applies to his claims, it is well established that Kentucky's one-year statute of limitations applies to civil rights claims brought pursuant to 42 U.S.C. § 1983. *See Brown v. Wigginton*, 981 F.2d 913, 914 (6th Cir. 1992) ("There is also no dispute that in Kentucky there is a one-year statute of limitations on section 1983 actions."); *Hornback v. Lexington-Fayette Urban Cnty. Gov't.*, 543 F. App'x 499, 501 (6th Cir. 2013) ("Under Kentucky law, the limitations period is one year.").

*Id.* at *6. For the same reasons, this Court rejects Plaintiff's argument that the statute of limitations in Ky. Rev. Stat. § 413.120(6) applies to Plaintiff's § 1983 claims.

Plaintiff also argues in his supplemental response that the five-year statute limitations in Ky. Rev. Stat. § 413.120(2)[4] should apply to his claims. However, in the case cited by Plaintiff in his supplemental response, *Million v. Raymer*, 139 S.W.3d 914 (Ky. 2004), the Kentucky Supreme Court rejected an inmate's argument that § 413.120(2) should apply to a petition for declaratory judgment alleging claims under the Fourteenth Amendment. That court founds as follows:

> It is well-established that state personal injury statutes of limitations govern timing for federal constitutional claims. *Wilson v. Garcia*, 471 U.S. 261 (1985). In Kentucky, such claims are subject to our one-year limitations period under [Ky. Rev. Stat §] 413.140 for personal-injury actions. *Brown v. Wigginton*, Ky., 981 F.2d 913 (6th Cir. 1992); *Board of Trustees of University of Kentucky v. Hayse*, Ky., 782 S.W.2d 609 (1989).

*Id.* at 919. Plaintiff also cites Ky. Rev. Stat. § 196.030 in his supplemental response. However, that statute governs the "Functions of Department of Corrections" and does not provide a statute of limitations.

Moreover, while Plaintiff attempted to assert an IIED[5] claim for the first time in his response, Plaintiff acknowledges in his supplemental response that he cannot raise a new claim

---

[4] This statute provides for a five-year statute of limitations for "[a]n action upon a liability created by statute, when no other time is fixed by the statute creating the liability." Ky. Rev. Stat. § 413.120(2).

[5] The statute of limitations for an IIED claim is five years under Kentucky law. *Wright v. Swigart*, No. 2016-CA-000854-MR, 2018 Ky. App. Unpub. LEXIS 49, at *9 n.2 (Ky. App. Jan. 26, 2018) (citing *Craft v. Rice*, 671 S.W.2d 247 (Ky. 1984)).

in his response to the motion to dismiss.  The Court does not consider an IIED claim as a claim before the Court.  In addition, to the extent Plaintiff may be attempting to assert a due process claim for the first time in his supplemental response, "[a] plaintiff cannot raise new legal claims in response to a dispositive motion filed by the defendant."  *Faber v. Smith*, No. 17-2523, 2018 U.S. App. LEXIS 15343, at *6 (6th Cir. June, 6, 2018) (district court did not err by failing to consider claims asserted for the first time in response to Rule 12(b)(6) motion to dismiss); *see also See Pethel v. Tenn. Dep't of Child.'s Servs.*, No. 21-5864, 2023 U.S. App. LEXIS 12744, at *20 (6th Cir. May 23, 2023) (holding that the court cannot consider new claims raised for the first time in a response to a motion to dismiss) (citing *Guzman v. U.S. Dep't of Homeland Sec.*, 679 F.3d 425, 429-30 (6th Cir. 2012)).  Therefore, the Court also does not consider a due process claim as a claim before the Court.

Accordingly, the Court finds that the complaint and attachments affirmatively show that the action is barred by the statute of limitations and therefore must be dismissed for failure to state a claim upon which relief may be granted.

**V.**

For the foregoing reasons, and the Court being otherwise sufficiently advised,

**IT IS ORDERED** that Defendants' joint motion to dismiss for failure to state a claim (DN 15) is **GRANTED**.  The Court will enter a separate Order dismissing the case.

Date:    April 25, 2025

*Joseph H. McKinley Jr.*

Joseph H. McKinley Jr., Senior Judge
United States District Court

cc:    Plaintiff, *pro se*
       Counsel of record
4414.010

10
